UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>GODFRY, et al.,<br><br>        Defendants. | Case No.  1:25-cv-01686-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]<br><br>(Doc. No.  6)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Allen Hammler, a prisoner incarcerated at California Medical Facility ("CMF"), operated by California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on November 13, 2025, in the Sacramento Division of this Court. (Doc. No. 1).  The Sacramento Division transferred Plaintiff's case to this Division on December 1, 2025.  (Doc. No. 3).  On December 11, 2025, Plaintiff filed an application to proceed *in forma pauperis*.  (Doc. No. 6. "IFP motion"). The undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

complaint does not establish that Plaintiff meets the imminent danger exception.

## BACKGROUND

Plaintiff is currently incarcerated at CMF, but the events giving rise to this action occurred at Kern Valley State Prison ("KVSP"). (Doc. No. 1 at 2:15-22). The complaint names as Defendants: Godfry, Rodriguez, and Lopez. (*Id.* at 3). The complaint alleges the following claims for relief: (1) First Amendment retaliation (*id.* at 13); (2) Eighth Amendment failure to protect (*id.* at 14); (3) assault (*id.* at 15); (4) negligence (*id.* at 16); (5) intentional infliction of emotional distress (*id.* at 18); and (6) violation of the Bane Act (*id.* at 20).

### April 17, 2024 Events

The events giving rise to Plaintiff's claims occurred on April 17, 2024, when Plaintiff was housed in the mental health ward at KVSP "due to his having witnessed a murder and safety concerns being engendered for c/o(s) being called participants in the murder." (*Id.* ¶¶ 12, 14). Plaintiff was on one-to-one observation, requiring constant watch by a correctional officer to ensure he did not harm himself. (*Id.* ¶ 15). Defendant Rodriguez, a female correctional officer, was assigned to watch Plaintiff on April 17, 2024. (*Id.* ¶ 16). At 1:45 p.m. that same day, Defendant Godfry approached Plaintiff's cell wearing his nametag but with his body watch camera ("BWC") turned off. (*Id.*). Defendant Godfry asked Plaintiff, "are you suicidal," with "a twisted expression on his face." (*Id.* ¶ 19). Plaintiff asked Godfry to turn on his BWC, but Godfry refused and made "further antagonizing statements." (*Id.*). Godfry told Plaintiff he was "(3rd watch) and all the chest pains [expletive] aint happening." (*Id.*) Plaintiff responded that Godfry was "showing off" for Rodriguez and told him, "no-one gives a [expletive] about you!" (*Id.* ¶ 20). Godfry then asked Plaintiff, "Are you gonna come out for shower?" (*Id.* ¶ 20). Plaintiff responded, "Yeah." (*Id.*). Defendant Godfry then told Plaintiff, "I'm gonna get your [expletive]," and hit his fist against the wall. (*Id.*). Defendants Godfry and Rodriguez then left. (*Id.*).

Later that same day, when Plaintiff saw Defendant Lopez doing a security check, he told him what happened with Defendants Rodriquez and Godfry. (*Id.* ¶ 22). Defendant Lopez told Plaintiff "[i]f they left you then why should I stay," and left as well. (*Id.*). Plaintiff became

2

1  anxious being left alone and thought "Godfry with others would return at any time/moment and
2  kill him, as [correctional officers] had tried on prior instance via fracturing his skull, three ribs
3  and bruising a left lung, then hiding him and his injuries for days seeking to cover it all up." (*Id.* ¶
4  24).

5  Shortly thereafter, another correctional officer stopped by Plaintiff's cell and called
6  medical after Plaintiff told him what had occurred with Defendants Godfry, Rodriguez, and
7  Lopez. (*Id.* ¶ 25). However, Plaintiff refused to leave his cell for medical treatment out of fear of
8  being attacked by Defendant Godfry. (*Id.* ¶ 25).

9  June 18, 2024 Events

10  Plaintiff alleges on June 18, 2024, correctional officer Soto, "whom has sought to employ
11  other [inmates] to assault Plaintiff and had been reprimanded for it," saw Plaintiff on a transport
12  van going out to Court and was recorded telling Plaintiff, "Oh yeah your the bitch I've been
13  looking for." (*Id.* ¶ 26). Another correctional officer standing behind Soto who overheard
14  remarked, "That's the reason we have cameras now Dudes doing [expletive] like that." (*Id.* ¶ 27).
15  Plaintiff claims that "Soto and all others are still left there at KVSP to be a real danger to
16  Plaintiff." (*Id.*)

17  On July 1, 2024, Plaintiff was transferred out of KVSP "for the reason of removing him
18  from a facility with Godfry and others whom were found to have retaliated against Plaintiff and
19  believed would not stop others from pursuing that retaliatory course." (*Id.* ¶ 28). However,
20  Plaintiff states he "is still being scheduled" to be sent back to KVSP where Defendant "Godfry
21  and others remain an imminent threat in an ongoing manner." (*Id.* ¶ 29).

22  As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and
23  unspecified injunctive relief "as this court deems fit to cure the danger." (*Id.* at 22).

24  **MOTION TO PROCEED IFP**

25  All parties instituting any civil action, suit, or proceeding in any district court of the
26  United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.
27  *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee
28  only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. §

3

1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal); *Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025) (finding a voluntary dismissal under Rule 41(a)(1) was not a strike because the dismissal was not "'on the grounds that' the case was frivolous, malicious, or failed to state a claim"). It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is

"dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing the imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier times are immaterial, as are any subsequent conditions. *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

### B. Plaintiff Has Three or More Qualifying Strikes

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database, and a review of the Pacer Database reveals Plaintiff has filed approximately 70 civil actions or

appeals in a court of the United States and has been deemed a three-striker under § 1915(g) prior to filing this lawsuit.[2] Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes,[3] and each dismissal was entered before Plaintiff commenced the instant action:

- *Hammler v. Director of CDCR*, Case No. 1:17-cv-00097 (N.D. Cal.) (dismissed for failure to state a claim upon which relief may be granted after Plaintiff failed to file amended complaint) (Apr. 27, 2017) (Doc. No. 10);
- *Hammler v. Kernan*, Case No. 3:18-cv-001170-DMS-NLS (S.D. Cal.) (dismissed for failure to state a claim and as frivolous.) (Dec. 10, 2018) (Doc. No. 11);
- *Hammler v. Hough*, Case No. 3:18-cv-01319 (S.D. Cal.) (dismissed for failure to state a claim and as frivolous.) (May 24, 2019) (Doc. No. 12);
- *Hammler v. California*, Case No. 1:20-cv-630-DAD-GSA (E.D. Cal.) (dismissed for failure to exhaust appearing on face of complaint) (Oct. 30, 2020) (Doc. No. 26);
- *Hammler v. Katz*, Case No. 2:19-cv-00467-TLN-CKD (E.D. Cal.) (dismissed for failure to state a claim) (Jan. 15, 2021) (Doc. No. 29).
- *Hammler v. Hough*, Case No. 19-55732 (9th Cir.) (appeal dismissed as frivolous) (January 9, 2020); and
- *Hammler v. Peterson*, Case No. 20-16093 (9th Cir.) (appeal dismissed as frivolous) (February 22, 2021).

Plaintiff status as a three-striker has been recognized by the courts. *See, e.g.*, Case Nos. 1:21-cv-00122-AWI-GSA (E.D. Cal. 2021); 2:21-cv-02065-JGB-SP (C.D. Cal. 2021); 1:25-cv-00728-KES-BAM (E.D. Cal. 2025).

---

[2] *See* http://nprose.circ9.dcn/LitigantCase.aspx?PersonID=8094 (National Pro Se Database); http://pacer.usci.uscourts.gov.

[3] *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citations omitted); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint).

6

**C. The Imminent Danger Exception Does Not Apply**

Due to Plaintiff's three-strike status, he may not proceed without prepayment of the filing fee unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed this action.

Plaintiff's complaint stems from events that took place in April and June of 2024, when he was housed at KVSP, which is in Delano, California, Kern County. Plaintiff is currently housed at CMF, located in Vacaville, California, Solano County. (Doc. No. 1 at 2). The complaint submitted in the instant case contains identical factual allegations to the complaint Plaintiff filed in *Hammler v. Godfry, et al.*, No. :25-cv-00728-KES-BAM (E.D. Cal.). There, the court found these same allegations did not credibly allege imminent danger to avoid the three strike bar. (*See* September 22, 2025 Order adopting findings and recommendations that plaintiff's application to *proceed in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be ordered to pay the $405.00 initial filing fee in full to proceed with this action).

To avoid the three strike status, Plaintiff continues to assert that if transferred to KVSP, "Godfry and others [at KVSP] remain a[n] imminent threat, in ongoing manner" due to the statements Godfry made in April 2024. (*Id.* ¶ 20). A prisoner's allegations that arise out of a single verbal threat occurring over a year ago are insufficient to show an ongoing threat. *Garrett v. Pat. Horn, Warden of Kern Valley State Prison*, No. 1:25-cv-00128-HBK (PC), 2025 WL 868899, at *13 (E.D. Cal. Mar. 20, 2025) (finding a single incident of excessive force occurring months prior to the filing of the complaint failed to show imminent physical danger), *report and recommendation adopted*, 2025 WL 1151075 (E.D. Cal. April 18, 2025), *appeal dismissed*, 2025 WL 3205862 (9th Cir. Oct. 23, 2025); *Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception); *Gonzales v. Castro*, No. 1:09-cv-01545-AWI-MJS, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (finding prison staff retaliation occurring

1 three months before filing of complaint insufficient to show an ongoing threat), *report and*
2 *recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010).
3       Similarly, Plaintiff's continued claim that he will be transferred back to KVSP fares no
4 better.  The complaint is devoid of facts regarding when Plaintiff will be transferred back to
5 KVSP.  (*See* Doc. No. 1).  While the Court takes Plaintiff's well-pleaded factual allegations as
6 true, the Court is not required to accept Plaintiff's conclusory statement that an unspecified future
7 transfer to KVSP will occur.  Further, Plaintiff's fear of future harm from a potential transfer is
8 insufficient to allege present imminent danger.  *Hammler v. Godfry et al.*, No. 1:25-cv-00728-
9 KES-BAM (E.D. Cal. Aug. 18, 2025), *report and recommendation adopted*, No. 1:25-cv-00728-
10 KES-BAM (E.D. Cal. Sept. 22, 2025) (finding plaintiff failed to allege imminent danger based on
11 a transfer when no dates of the transfer were given); *Roberts v. California*, No. 1:22-CV-00131-
12 HBK, 2022 WL 1102531, at *3 (E.D. Cal. Apr. 13, 2022), *report and recommendation adopted*,
13 No. 1:22-CV-00131-DAD-HBK, 2022 WL 1460371 (E.D. Cal. May 9, 2022) (finding no
14 imminent danger when plaintiff is no longer at the facility he alleges the harm occurred at).
15       Based on the foregoing, the Court finds that Plaintiff has not alleged facts from which the
16 court can infer that Plaintiff is currently under threat of imminent physical harm sufficient to
17 invoke the § 1915(g) exception.
18       Accordingly, it is hereby ORDERED:
19       The Clerk of Court shall randomly assign this case to a district judge for consideration of
20       these Findings and Recommendations.
21       It is further RECOMMENDED:
22       1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 6), be DENIED, pursuant to
23          28 U.S.C. § 1915(g); and
24       2. Plaintiff be ORDERED to pay the $405.00 filing fee in full to proceed in this action,
25          absent which the Court dismiss this action without prejudice.

**NOTICE TO PARTIES**

27       These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:  December 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE