**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER, | Case No. 1:25-cv-01686 KES HBK (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE |
| v. | |
| GODFRY, et al., | Doc. 12 |
| Defendants. | |

Allen Hammler is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 19, 2026, the Court ordered Hammler to pay the filing fee within 30 days. Doc. 12. The Court warned Hammler that failure to pay the required filing fee as ordered would result in dismissal. *Id.* at 2. The deadline expired, and Hammler did not pay the filing fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate, the Court has considered the factors identified by the Ninth Circuit, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

1

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). As Hammler has delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning that the matter would be dismissed if he failed to pay the filing fee satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. The *Henderson* factors weigh in favor of dismissal for Hammler's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … it is not sufficient to outweigh the other four factors").

The Court **ORDERS**:

1.　　Plaintiff's complaint is **DISMISSED** without prejudice.

2.　　The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:　　April 6, 2026

UNITED STATES DISTRICT JUDGE

2